# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CYNARA D. COLLINS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-314-FHM

## OPINION AND ORDER

Plaintiff, Cynara D. Collins, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's August 27, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held January 27, 2010. By decision dated February 20, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 23, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 36 years old on the date of alleged onset of disability and 38 years old on the date of the denial decision. She has a General Equivalency Diploma and formerly worked as administrative assistant, order clerk, pizza delivery driver, and desk clerk. She claims to have been unable to work since March 13, 2008 as a result of bipolar disorder and obesity.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform medium work, except she can perform only simple tasks with minimal contact with the public. [R. 13]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts the ALJ: failed to propound a proper hypothetical question to the vocational expert; ignored salient opinion evidence; and performed a faulty credibility determination.

**Analysis**

Hypothetical Questioning of the Vocational Expert

Plaintiff's argument that the ALJ failed to propound a proper hypothetical to the vocational expert has merit.

The ALJ posed the following hypothetical question to the vocational expert:

> Assume the Claimant to be I believe she was age 36 on the alleged onset date with a GED, the ability to read, write and use numbers. Assume further the individual in general has the physical capability to perform work consistent with limitations of Exhibit 6-F; that she has functional or mental limitations consistent with Exhibit 5-F.

[R. 40-41].[2] Exhibit 6F is an 8-page form that may contain physical work-related limitations and narrative comments spread over 6 pages. [R. 277-284]. Exhibit 5F is a three page form that contains ratings of an individual's ability to perform 20 work-related mental functions and a functional capacity assessment which is a narrative elaboration of those ratings. [R. 273-275]. Asking the vocational expert to review such exhibits to glean limitations included in a hypothetical question invites confusion and needlessly introduces an opportunity for miscommunication and misunderstanding. Such problems are avoided

---

[2] The ALJ asked a second hypothetical question which involved Exhibits 8-F and 9-F. [R. 42]. Those exhibits contain the same limitations as Exhibits 5F and 6F with the only difference being they are signed by different DDS reviewer. [R. 273-275; 277-284; 299-301; 303-310]. For the sake of clarity the court will refer only to Exhibits 5F and 6F.

when the ALJ formulates the limitations and verbally expresses them to the vocational expert.

The Commissioner argues that there is no problem with relating the hypothetical question by reference to an exhibit because consideration of the exhibit results in an "extremely detailed hypothetical question." [Dkt. 17,, p. 3]. The court disagrees. In this case the ALJ told the vocational expert to assume "in general" that the individual has the ability to perform work "consistent with" the limitations listed in the exhibits he identified. [R. 40-42]. The ALJ is charged with the responsibility of posing a hypothetical question that relates "with precision" all of the claimant's impairments. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991)(testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the denial decision). A hypothetical question that speaks "in general" of abilities to perform "consistent with" limitations leaves too much room for interpretation to be precise enough to meet the foregoing standard.

There is another problem in that the RFC in the ALJ's decision differs from the exhibits used for the hypothetical question. The ALJ's RFC includes the physical capacity to perform medium work as it is defined in 20 C.F.R. §§ 404.1567(c), 416.967(c). [R. 13]. Exhibit 6F also contains the physical limitation of never climbing ladders, ropes, and scaffolds, as those activities are limited by Plaintiff's obesity. [R. 279]. The RFC does not include any limitation on climbing. It can be argued that there is no harm where the vocational expert identifies jobs based on a hypothetical question that is more restrictive than the decisional RFC. However, this case is not one for the application of a harmless

4

error analysis because the record discloses additional discrepancies between the mental RFC and the vocational expert's testimony.

The ALJ's RFC includes the limitation of performing only simple tasks with minimal contact with the public. [R. 13]. However, Exhibit 5F also contains the limitation of relating to supervisors and coworkers on a superficial work basis. [R. 275] Exhibit 5F also specifies that claimant cannot relate to the public whereas the RFC states that Plaintiff is capable of minimal contact with the public. [R. 13, 275]. The vocational expert's testimony differs from both the Exhibit 5F and the RFC contained in the decision. The vocational expert testified she understood the mental limitations as: "[s]he needs to do simple, repetitive work and also not deal with the public." [R. 43]. The ALJ's RFC finding does not mention repetitive work. [R. 13]. Neither the ALJ nor the vocational expert addressed the subject of how well Plaintiff relates to supervisors and coworkers.

The ALJ is charged with the responsibility of posing a hypothetical question that relates "with precision" all of the claimant's impairments. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991)(testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the denial decision). The ALJ's decision must be reversed and the case remanded because the record discloses inconsistencies among the ALJ's RFC finding, the exhibits that provided the limitations to be included in the hypothetical question to the vocational expert, and the vocational expert's testimony about her understanding of the limitations contained in the hypothetical question. As a consequence of these inconsistencies, the court finds that the vocational expert's testimony cannot constitute substantial evidence to support the denial decision.

The court finds that Plaintiff's arguments about the alleged conflict between the findings contained in the psychiatric review technique (PRT) forms and the RFC have no merit. The PRT findings are not an RFC assessment, rather they perform a screening function by rating the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.

## Consideration of Opinion Evidence

Plaintiff argues that the ALJ "ignored salient opinion evidence." [Dkt. 16, p. 4]. The ALJ's decision contains no discussion of any medical findings or opinions contained in the record. Although an ALJ need not discuss every piece of evidence in the record, he must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir.1996). On remand if it is as the Commissioner's brief suggests that there is not any medical evidence within the relevant time frame the ALJ's decision should state that is the case.

## Credibility Analysis

The ALJ cited numerous grounds, tied to the evidence, for the credibility finding. [R. 14]. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). Since the ALJ properly linked his credibility finding to the record, there is no reason to deviate from the general rule to accord deference to the ALJ's credibility determination. The court finds no error in the credibility decision.

**Conclusion**

The ALJ's denial decision is REVERSED and the case REMANDED for further proceedings as directed herein.

SO ORDERED this 4th day of September, 2012.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE